UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JG LAW, PLLC<br><br>       Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION<br><br>       Defendants. | Case No.: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I.   INTRODUCTION**

1.   This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking disclosure and release of responsive agency information unlawfully withheld from Plaintiff JG Law, PLLC (Plaintiff) by Defendants United States Department of State (DOS) and United States Customs and Border Protection (CBP) (together Defendants). With this Complaint for Declaratory and Injunctive Relief (Complaint), Plaintiff challenges Defendants' refusal to conduct a legally adequate search for all responsive agency information as mandated by FOIA, Defendants' refusal to produce all segregable responsive agency information in its possession in violation of FOIA, and Defendants' refusal to produce the lawfully required *Vaughn* index as required by FOIA and D.C. Circuit Court precedent. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt);

1

*Batton v. Evers*, 598 F.3d 169, 175 (5th Cir.2010) (citing *Cooper Cameron Corp. v. United States Dep't of Labor,* 280 F.3d 539, 543 (5th Cir.2002)("Thus, in a FOIA case, a court 'generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions.'").

2. This lawsuit is brought due to Defendants' refusal to adequately search for and produce all nonexempt responsive agency information in Defendants' possession, which Plaintiff needs to effectively represent its client; thus, forcing Plaintiff to file the instant lawsuit after Plaintiff's administrative FOIA remedies have been exhausted. In support of Plaintiff's Complaint, Plaintiff alleges as follows:

## II.  PARTIES

3. Plaintiff JG Law, PLLC lawfully operates a law office within the District of Columbia. Plaintiff requested very specific information, which is in the possession of both DOS and CBP, for the purpose of obtaining the information needed to effectively represent Plaintiff's client. Plaintiff has requested the specific information pursuant to FOIA, 5 U.S.C. § 552.

4. United States Customs and Border Protection is an agency within the U.S. Department of Homeland Security, which has custody and control of the specific agency information requested by Plaintiff. CBP is an agency within the meaning of FOIA, 5 U.S.C. § 552(f).

5. United States Department of State has custody and control of the specific agency information requested by Plaintiff. DOS is an agency within the meaning of FOIA, 5 U.S.C § 552(f).

## III. JURISDICTION

6. This action arises under the Freedom of Information Act, 5 U.S.C. § 552. This Honorable Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) (Freedom of Information Act). This Honorable

Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question) as this action arises under the Freedom of Information Act, 5 U.S.C. § 552.

7. The aid of this Honorable Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

## IV. VENUE

8. Venue lies in the United States District Court for the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B).

## V. TIME FOR DEFENDANTS TO RESPOND

9. Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(C), Defendants have thirty (30) days to respond to the instant Complaint.

## VI. PLAINTIFF OBJECTS TO ANY CONTINUANCE

10. Because Plaintiff has been trying to obtain the requested agency information for an extended period of time through multiple administrative FOIA requests, Plaintiff objects to any continuance requested by Defendants in responding to the instant Complaint. Any unwarranted continuance would make FOIA's twenty (20) day mandate for Defendants to produce all responsive agency information to FOIA requesters, and FOIA's thirty (30) day litigation response period, meaningless. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); 5 U.S.C. § 552(a)(4)(C).

## VII. LEGAL FRAMEWORK

11. FOIA was passed with the intent to allow individuals access to information under government control. When a FOIA request for information is made to a federal government agency, that agency has twenty (20) working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may grant itself a ten (10) working day extension where "unusual circumstances" exist, but the agency must notify the FOIA requester by "written notice to the person making such request setting forth the unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

Where an agency has failed to respond to a FOIA request within the mandated time period, the person making the FOIA request is deemed to have exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i). The FOIA requester may then file suit in the federal district court to enforce the Freedom of Information Act. 5 U.S.C. § 552(a)(4)(B). On complaint, the U.S. District Court may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from complainant" ... "and <u>the burden is on the agency</u> to sustain its action." 5 U.S.C. § 552(a)(4)(B) (emphasis added). Thus, unlike other civil actions where the burden of proof is generally on the plaintiff, in a FOIA lawsuit the burden of proof on <u>every element</u> of the law is on the federal agency defendant to prove by clear and convincing evidence that it did not violate FOIA. *Id*.

12. Plaintiff has exhausted its FOIA administrative remedies with both DOS and CBP. Both DOS and CBP have failed to conduct a legally adequate search for all of the requested agency information in their possession. In addition, neither DOS nor CBP have produced the requested nonexempt agency information to Plaintiff. Therefore, both DOS and CBP are in violation of FOIA, 5 U.S.C. § 552.

## VIII.   STATEMENT OF FACTS

13. Plaintiff's client hired Plaintiff to represent him; and Plaintiff needs the information that it has requested from DOS and CBP through FOIA to effectively represent its client.

### a.   Plaintiff's FOIA Request with the United States Department of State

14. On January 6, 2022, Plaintiff properly filed a FOIA request for specific information from DOS pursuant to the Freedom of Information Act via Federal Express.

15. Although Plaintiff's FOIA request was properly filed, DOS has never acknowledged receipt of Plaintiff's FOIA request.

### b. Plaintiff's FOIA Request with the United States Customs and Border Protection

16. On January 6, 2022, Plaintiff properly filed a FOIA request for specific information from CBP pursuant to the Freedom of Information Act via Federal Express.

17. Although Plaintiff's FOIA request was properly filed, CBP has never acknowledged receipt of Plaintiff's FOIA request.

### c. DOS and CBP have violated FOIA

18. Plaintiff has received no production of information from either DOS or CBP. In addition, the lawfully required Vaughn index fully describing the search methods employed and individually describing the lawful basis for each exemption on each page of information has not been produced to Plaintiff as mandated by FOIA by either DOS or CBP. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *on remand to*, 383 F.Supp. 1049 (D.D.C. 1974), *judgment aff'd*, 523 F.2d 1136 (D.C.Cir. 1975)(The government must provide detailed justification of its exemption claims, and it must specifically itemize and index each document or portion thereof so as to show which were disclosable and which were exempt); *Batton v. Evers*, 598 F.3d 169, 173 (5th Cir.2010)("the district court abused its discretion by failing to order a *Vaughn* index").

19. DOS and CBP's refusal to search for and produce the requested nonexempt agency information in its possession is not attributable to Plaintiff.

20. Plaintiff has been irreparably harmed because of DOS and CBP's unlawful failure to produce the information requested under the Freedom of Information Act, because without the requested information, Plaintiff will be unable to effectively represent its client; and Plaintiff's client will not receive either procedural due process or effective assistance of counsel as guaranteed by the Fifth and Sixth Amendments respectively. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954)(A government agency's failure to follow its own regulations that are promulgated to protect fundamental statutory or constitutional rights violates due process and no showing of

prejudice or harmful error is required); *Bridges v. Wilson*, 326 U.S. 135 (1945); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2011)("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent"); *Padilla v. Kentucky*, 559 U.S. 356 (2010)(Aliens present in the United States are afforded the right to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution); *Reno v. Flores*, 507 U.S. 292, 306 (1993)("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); *see also Plyler v. Doe*, 457 U.S. 202 (1982); *Wong Yang Sung v. McGrath*, 339 U.S. 33 (1950); *Hernandez v. Cremer*, 913 F.2d 230 (5th Cir. 1990); *Chike v. INS*, 948 F.2d 961 (5th Cir. 1991).

## IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA requests to both DOS and CBP; and there are no further administrative acts that Plaintiff can take to obtain the agency information to which Plaintiff is entitled. Plaintiff's only remedy remaining is by way of this Complaint. *See* 5 U.S.C. § 552(a)(6)(C).

## X.  FOIA ATTORNEY'S FEES

22.     Plaintiff seeks an award of its attorney's fees, costs and expenses under FOIA, 5 U.S.C. § 552(a)(4)(E). *See Gahagan v. U.S. Citizenship and Immigration Services*, 2016 WL 1110229 (E.D.La.2016)(Brown, J.); *Gahagan v. United States Customs and Border Protection*, 2016 WL 3090216 (E.D.La.2016)(Brown, J.); *Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328 (E.D.La. 2012)(Barbier, J.).

## XI.  FIRST CAUSE OF ACTION
## FREEDOM OF INFORMATION ACT VIOLATION, 5 U.S.C. § 552

23.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if set forth fully herein.

24. DOS is unlawfully withholding the requested nonexempt agency information, in violation of 5 U.S.C. § 552.

25. CBP is also unlawfully withholding the requested nonexempt agency information, in violation of 5 U.S.C. § 552.

26. Plaintiff is being irreparably harmed by reason of DOS and CBP's unlawful withholding of the requested agency information; and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to conform their conduct to the requirements of FOIA.

27. DOS has violated FOIA by failing to produce all nonexempt agency information responsive to Plaintiff's FOIA request in its possession within the twenty (20) working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

28. CBP has also violated FOIA by failing to produce all nonexempt agency information responsive to Plaintiff's FOIA request in its possession within the twenty (20) working day responsive time period set forth at 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

## XII. PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff respectfully prays this Honorable Court to:

   a. Assume jurisdiction over this matter;

   b. Order DOS to conduct a legally adequate search for all requested information in Plaintiff's FOIA request, segregate all nonexempt information responsive to Plaintiff's FOIA request, produce forthwith all nonexempt information responsive to Plaintiff's FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption;

   c. Enjoin DOS from continuing to withhold any nonexempt agency information responsive to Plaintiff's FOIA request;

d. Order CBP to conduct a legally adequate search for all requested information in Plaintiff's FOIA request, segregate all nonexempt information responsive to Plaintiff's FOIA request, produce forthwith all nonexempt information responsive to Plaintiff's FOIA request, and produce a *Vaughn* index of all responsive information withheld under claim of exemption;

e. Enjoin CBP from continuing to withhold any nonexempt agency information responsive to Plaintiff's FOIA request;

f. Grant reasonable attorney's fees, costs and expenses pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E); and

g. Grant such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 31st day of July, 2022.

s/ Michael W. Gahagan, Esq.
Michael W. Gahagan, Esq.
La. State Bar #31165
Gahagan Law Firm, L.L.C.
3445 North Causeway Blvd., Ste. 524
Metairie, LA. 70002
Tel: (504) 766-9137
Fax: (504) 814-1110
MichaelGahagan@ImmigrationLawNewOrleans.com
Counsel for Plaintiff

**VERIFICATION**

I, James Gagel, Esq., being duly sworn upon oath, hereby state: I am a Member-Manager of the Plaintiff in this case, and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

Executed this 31st day of July, 2022.

s/ James Gagel
James Gagel