UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JG Law<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION<br><br>　　　　Defendants. | Civil Action No. 22-02320 |

**ANSWER**

Defendants, the United States Department of State and U.S. Customs and Border Protection ("DOS" and "CBP," together "Defendants"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 4) filed against Defendants by JG Law ("Plaintiff") in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") case. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants responds to the separately numbered paragraphs as follows:

## I. INTRODUCTION[1]

1.  The allegations in this paragraph contain Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 1, including that they received a request from Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 on January 6, 2022.

2.  Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in paragraph 2.

## II. PARTIES

3.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.  Defendant CBP admits that it is an agency within the U.S. Department of Homeland Security. The remaining allegations in Paragraph 4 consist of conclusions of law to which no response is required. To the extent that a response is required, CBP denies the remaining allegations.

5.  Defendant DOS admits the allegations in Paragraph 5 only to the extent that the Department of State is a department of the executive branch of the U.S. government and is a federal agency headquartered in Washington, D.C. The remaining allegations in Paragraph 5 consist of conclusions of law to which no response is required. To the extent that a response is required, DOS denies the remaining allegations.

---

[1] For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

### III. JURISDICTION

6. Paragraph 6 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA. However, Defendants deny receiving requests from Plaintiff under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 on January 6, 2022.

7. Paragraph 7 contains a legal conclusion to which no response is required.

### IV. VENUE

8. Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this judicial district for proper FOIA challenges.

### V. TIME FOR DEFENDANTS TO RESPOND

9. Paragraph 9 contains a legal conclusion to which no response is required.

### VI. PLAINTIFF OBJECTS TO ANY CONTINUANCE

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in Paragraph 10. The second sentence of Paragraph 10 contains a legal conclusion to which no response is required.

### VII. LEGAL FRAMEWORK

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### VIII. STATEMENT OF FACTS

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence in Paragraph 13.

### a. Plaintiff's FOIA Request with the United States Department of State

14. DOS denies the allegations in Paragraph 14. DOS has no record of receiving the Plaintiff's FOIA request. DOS did receive a substantially similar request dated May 12, 2020.[2] *See* Exhibit A. DOS acknowledged receipt of the request on May 19, 2020 and assigned the request the Case Control Number F-2020-05511. *See* Exhibit B. DOS produced documents responsive to the request on January 26, 2021. *See* Exhibit C.

15. DOS denies the allegations in Paragraph 15. DOS has no record of receiving the Plaintiff's FOIA request on January 6, 2022.

### b. Plaintiff's FOIA Request with U.S. Customs and Border Protection

16. CBP denies the allegations in Paragraph 16.

17. CBP denies the allegations in Paragraph 17.

### c. DOS and CBP have violated FOIA

18. Defendants admit the allegation in the first sentence of Paragraph 18 to the extent the allegation pertains to Plaintiff's FOIA requests allegedly delivered to DOS and CBP on January 6, 2022. The remainder of Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

---

[2] It appears that with respect to DOS, the May 2020 FOIA request ("May 2020 Request") is substantially similar to the December 2021 request allegedly delivered to DOS on January 6, 2022, attached to Plaintiff's Motion for Summary Judgment (ECF No. 12-4) ("December 2021 ReHi Heather quest"). Upon initial examination, the differences between the requests are minor with respect to DOS: (i) in its later request, Plaintiff identified a few other entities of interest, e.g. the Admissibility Review Office of Customs and Border Protection and the Regional Security Officer of the US Diplomatic Security Service; and (ii) Plaintiff seems to have dropped its request for "copies of all agreements and Memorandums of Understanding of the Bureau of International Narcotics and Law Enforcement Affairs and other U.S.-Honduran or U.S.-U.S. law enforcement agreements in effect in Honduras from 1999 to the present". *Compare* Exhibit A at 4 *with* ECF No. 12-4 at 3–4.

19. Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20. Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### IX. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### X.  FOIA ATTORNEY'S FEES

22. Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants respectfully refer the Court to 5 U.S.C. § 552(a)(4)(E) and the authorities cited by Plaintiff and denies any allegations in this paragraph inconsistent therewith.

### XI. FIRST CAUSE OF ACTION

### FREEDOM OF INFORMATION ACT VIOLATION, 5 U.S.C. § 552

23. Defendants incorporate by reference its responses to paragraphs 1–22 above.

24. Paragraph 24 contains legal conclusions to which no response is required.

25. Paragraph 25 consists of legal conclusions to which no response is required.  To the extent a response is required, CBP denies the allegations.

26. Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

27. Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required, DOS denies the allegations.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, CBP denies the allegations.

## PRAYER FOR RELIEF

This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Defendants have not improperly withheld any records requested by Plaintiff under FOIA.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorization under the FOIA.

### Third Defense

Plaintiff is not entitled to compel the release of records or portions of any record exempt from disclosure under the FOIA.

### Fourth Defense

Defendants have exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

### Fifth Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## **Sixth Defense**

To the extent that Plaintiff failed to satisfy prerequisites to suit, this Court lacks jurisdiction over any matter as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

\* \* \*

Dated: November 18, 2022

                            Respectfully submitted,

                            MATTHEW M. GRAVES, D.C. Bar #481052
                            United States Attorney

                            BRIAN P. HUDAK
                            Acting Chief, Civil Division


By: _____
      HEATHER D. GRAHAM-OLIVER
      Assistant United States Attorney
      555 Fourth Street, NW
      Washington, DC 20530
      (202) 252-2520
      heather.graham-oliver@usdoj.gov

*Counsel for Defendant*