UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JG Law, PLLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendants. | Civil Action No. 22-02320 (TJK) |

**MOTION FOR ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO HOLD BRIEFING IN ABEYANCE AND MEMORANDUM IN SUPPORT THEREOF**

Defendants, U.S. Department of State ("State") and U.S. Customs and Border Protection ("CBP"), respectfully move this Court for an order denying without prejudice Plaintiff's premature and procedurally deficient motion for summary judgment ("Motion"), ECF No. 16. Alternatively, should the Court permit Plaintiff to proceed with its Motion, Defendants respectfully request that the Court hold the briefing in abeyance for a period of sixty (60) days, until Monday, January 23, 2023, during which period the Defendants will be able to: (1) confer with Plaintiff about the fact that neither Defendant has received the FOIA requests mentioned in the Complaint; and (2) assemble agency affidavits and other litigation materials necessary to respond to Plaintiff's Motion and prepare Defendants' Cross-Motion for Summary Judgment.

This process will take time and resources. Consequently, this request is made out of necessity and to facilitate judicial review, not to delay these proceedings.

Pursuant to Local Rule 7(m), undersigned counsel has contacted Plaintiff's counsel to ascertain his position on this motion. Plaintiff's counsel has not responded as of the close of business, November 22, 2022.

I.     **Plaintiff's Motion is Premature**

In this Freedom of Information Act ("FOIA") case, Plaintiff seeks summary judgment concerning the Defendants' alleged failure to process its FOIA requests. *See* ECF No. 16. But neither Defendant has received the request. *See* Defendants' Answer to Complaint. ECF No. 17, ¶¶ 14–15, 16–17. Plaintiff's motion for summary judgment is therefore premature because of this essential issue of material fact.

Moreover, Plaintiff's actions are untimely and inconsistent with how this Court adjudicates and resolves FOIA cases, *i.e.* following the completion of processing of responsive records if such records exist. *See, e.g., Judicial Watch, Inc. v. Dep't of State*, 282 F. Supp. 3d 338, 340 (D.D.C. 2017) (parties briefed cross-motions for summary judgment after the government completed processing); *Elec. Privacy Info. Ctr. v. DOJ*, 296 F. Supp. 3d 109, 115 (D.D.C. 2017) (same). Moreover, it is the government's burden in summary judgment practice and not the Plaintiff's. *Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) (in the FOIA context, the agency bears the burden to demonstrate that it has conducted a reasonable search and that a claimed exemption applies to any record that it subsequently withholds. It may carry these burdens by submitting affidavits with "reasonably specific detail" that outline its actions and justifications, and that "are not controverted by either

contrary evidence in the record nor by evidence of agency bad faith.") (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Plaintiff's litigation strategy also deprives the parties of a meaningful opportunity to confer and address what issues are ripe for litigation, if any. Here, Defendants deny that they have received the FOIA requests identified in Plaintiff's complaint, which is an essential issue to resolve before proceeding. See ECF No. 17, ¶¶ 14–15, 16–17.

## II. Alternatively, the Court Should Hold the Motion in Abeyance

In the event the Court permits Plaintiff to proceed with its Motion, Defendants request, in the alternative, that the Court stay briefing on the Motion for a period of 60 days, until January 23, 2023, when Defendants will file a consolidated opposition and cross-motion for summary judgment. Defendants' opposition would otherwise be due on November 24, 2022. In light of Plaintiff's decision to seek judicial intervention without discussing any of its concerns with Defendants, the Defendants have been unable to assemble agency affidavits and other litigation materials necessary to support their response to Plaintiff's Motion. Absent sufficient time to perform these critical tasks, Defendants are prejudiced by an inability to respond to the Motion and facilitate the Court's review of their defenses.

A stay in the briefing schedule for a period of 60 days is also necessary due to the Defendants' limited staffing and resources. State employs approximately 18 full-time FOIA analysts and 33 part-time FOIA litigation reviewers who work on FOIA litigation cases. State is currently managing over 200 FOIA litigation cases involving approximately 379 FOIA requests and is actively processing and producing in 90 litigation cases. And State continues to work through a backlog of over 20,600 pending FOIA requests outside of litigation. CBP's FOIA Division currently employs approximately 31 Government Information Specialists, 13 FOIA

Assistants, 1 student and 4 supervisors. CBP is currently working through a backlog of approximately 20,288 FOIA requests and has approximately 124 FOIA cases in litigation. CBP also received over 132,000 FOIA requests during the 2022 fiscal year.

Accordingly, Defendants respectfully request as alternative relief that the Court stay briefing on Plaintiff's Motion for a period of sixty (60) days until January 23, 2023. At that point, Defendants will file their opposition to the Plaintiff's Motion and their cross-motion for summary judgment.

*     *     *

## CONCLUSION

For the reasons set forth above, the Court should enter an order denying without prejudice Plaintiff's Motion for Summary Judgment. ECF No. 16. Alternatively, the Court should enter an order staying briefing on the Motion for a period of 60 days, until January 23, 2023, so the Defendants can file their opposition to Plaintiff's Motion and their own cross-motion for summary judgment. A proposed order accompanies this submission.

Dated: November 22, 2022

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JG Law, PLLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> STATE, ) <br> ) <br> and ) <br> ) <br> UNITED STATES CUSTOMS AND ) <br> BORDER PROTECTION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 22-02320 (TJK) |

### [Proposed] Order

**UPON CONSIDERATION** of the Defendants Motion for Order Denying Without Prejudice Plaintiff's Renewed Motion for Summary Judgment or, Alternatively, Motion to Hold Briefing in Abeyance, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment is denied without prejudice; Alternatively, it is

**ORDERED** that the response to Plaintiff's Motion for Summary Judgment be held in abeyance for 60 days until January 23, 2023, at which time, if appropriate, the Defendants shall file their Opposition to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment.

SO ORDERED:

_____                                                            _____
Date                                                                                                  United States District Judge