UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JG LAW, PLLC,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF STATE et al.,<br><br>      Defendants. | Civil Action No. 22-2320 (TJK) |

**DEFENDANT'S PARTIAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................................ i

Table of Authorities .......................................................................................................................... ii

Background ....................................................................................................................................... 1

    I.      Procedural Background. ................................................................................................. 1

    II.     Factual Background. ...................................................................................................... 1

Legal Standards ................................................................................................................................ 2

    I.      Rule 12(b)(6) ................................................................................................................... 2

    II.     Summary Judgment ....................................................................................................... 3

Argument .......................................................................................................................................... 4

Conclusion ........................................................................................................................................ 6

## TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................ 3, 4
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................ 2
*Bestor v. CIA*, Civ. A.,
   No. 04-2049 (RWR), 2005 U.S. Dist. LEXIS 18908 (D.D.C. Sept. 1, 2005) ......................... 5
*Bigwood v. Defense Intelligence Agency*,
   699 F. Supp. 2d 114 (D.D.C. 2010) ..................................................................................... 3, 5
*Blue v. District of Columbia*,
   811 F.3d 14 (D.C. Cir. 2015) ................................................................................................... 2
*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................................ 3
*Fed. Election Comm'n*,
   711 F.3d 180 (D.C. Cir. 2013) ................................................................................................. 4
*Gustave-Schmidt v. Chao*,
   226 F. Supp. 2d 191 (D.D.C. 2002) ......................................................................................... 2
*Haleem v. Dep't of Def.*, Civ. A.,
   No. 23-1471 (JEB), 2024 WL 230289 (D.D.C. Jan. 22, 2024) ............................................... 4
*Heritage Found. v. Dep't of Just.*, Civ. A.,
   No. 23-0330 (CJN), 2024 U.S. Dist. LEXIS 52569 (D.D.C. Mar. 5, 2024) ............................ 5
*Hidalgo v. FBI*,
   344 F.3d 1256 (D.C. Cir. 2003) ........................................................................................... 4, 5
*Hinton v. Corrs. Corp. of Am.*,
   624 F. Supp. 2d 45 (D.D.C. 2009) ........................................................................................... 3
*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ................................................................................................. 2
*Machado Amadis v. Dep't of State*,
   971 F.3d 364 (D.C. Cir. 2020) ................................................................................................. 4
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................................ 3
*McNeil v. United States*,
   508 U.S. 106 (1993) ................................................................................................................ 5
*Nurriddin v. Bolden*,
   818 F.3d 751 (D.C. Cir. 2016) ................................................................................................. 2
*Oglesby v. Dep't of Army*,
   920 F.2d 57 (D.C. Cir. 1990) ................................................................................................... 4
*Patterson v. Harris*, Civ. A.,
   No. 21-3339 (RDM), 2023 WL 346096 (D.D.C. Jan. 20, 2023) ............................................. 2
*Potter v. District of Columbia*,
   558 F.3d 542 (D.C. Cir. 2009) ................................................................................................. 4

**Statutes**

5 U.S.C. § 552(a)(6)(A)(i) ................................................................................................................ 4

**Rules**

Fed. R. Civ. P. 12(d) ........................................................................................................................ 3
Fed. R. Civ. P. 56(a) ........................................................................................................................ 3

**Regulations**

6 C.F.R. § 5.8 .................................................................................................................................. 5

Defendant U.S. Citizenship and Immigration Services ("USCIS"), respectfully submits this memorandum of points and authorities in support of its motion to dismiss or in the alternative for summary judgment as to all claims brought against USCIS in this action.

## INTRODUCTION

Plaintiff JG Law, PLLC brought claims against USCIS for violation of the Freedom of Information Act ("FOIA"), stemming from a FOIA request that Plaintiff submitted to USCIS on December 30, 2019.  Am. Compl. ¶ 16 (ECF No. 41).  As explained below, Plaintiff's claims against USCIS should be dismissed because Plaintiff failed to exhaust its administrative remedies.

## BACKGROUND

### I.     **Procedural Background.**

Plaintiff initially brought this FOIA lawsuit on August 5, 2022 against the Department of State and Customs and Border Protection ("CBP").  Compl. (ECF No. 1).  Two years later, Plaintiff moved to amend its complaint to release its claims against CBP and substitute USCIS.  Mot. for Leave to Amend (ECF No. 39).  In an August 20, 2024 minute order, the Court granted leave to amend and directed the clerk to docket the amended complaint.  USCIS now seeks its dismissal from this lawsuit or, alternatively, summary judgment as to all claims against USCIS.[1]

### II.    **Factual Background.**

Plaintiff alleges that USCIS violated FOIA when it failed to adequately respond to Plaintiff's December 30, 2019, FOIA request.  Am. Compl. ¶¶ 16-17.  The request sought all information related directly or indirectly to Plaintiff's client, Emil Mahfuz Hawitt Medrano. Ex. A, FOIA request.  USCIS acknowledged receipt, *see* Ex. B, processed the request, and identified thirty-three pages of responsive records.  Ex. C, Response Letter.  On March 10, 2020,

---

[1]     Defendant Department of State is not seeking dismissal or summary judgment at this time.

USCIS produced nine pages to Plaintiff in full and withheld twenty-two pages in full. Baxley Decl. ¶ 7. The twenty-two pages the USCIS withheld were withheld under Exemptions 3 and 7(E). *Id.* USCIS informed Plaintiff that if it was dissatisfied with the response, then Plaintiff could submit an administrative appeal. Ex. C, Response Letter. Plaintiff did not file an appeal. Baxley Decl. ¶ 7.

## LEGAL STANDARDS

### I. <u>Rule 12(b)(6)</u>

A complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating a Rule 12(b)(6) motion, the Court must first tak[e] note of the elements a plaintiff must plead to state [the] claim to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face." *Patterson v. Harris*, Civ. A. No. 21-3339 (RDM), 2023 WL 346096, at *3 (D.D.C. Jan. 20, 2023) (cleaned up; quoting *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015)). Pleading "adequate factual support" means providing "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Thus, a court may disregard "inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint" and "legal conclusions couched as factual allegations." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (cleaned up; quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), and citing *Iqbal*, 556 U.S. at 678)).

When ruling on a Rule 12(b)(6) motion, the Court may consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), and "documents 'upon which the plaintiff's complaint necessarily relies' even if the document is produced not by the plaintiff

in the complaint but by the defendant in a motion to dismiss." *Hinton v. Corrs. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (citing cases). Courts may also take judicial notice of agency filings with respect to exhaustion. For instance, in *Bigwood v. Defense Intelligence Agency*, 699 F. Supp. 2d 114, 117 (D.D.C. 2010), the Court, without converting Defendant's motion to a motion for summary judgment, considered the agency's evidence of the denial of the requester's appeal of expedited processing when determining that the requester had failed to appeal the agency's determination. *See id.* at 117–18 ("For the foregoing reasons, the court grants the defendant's motions to dismiss, denies as moot the defendant's motions in the alternative for partial summary judgment and denies the plaintiff's cross-motion for summary judgment.").

## II.    Summary Judgment

If a court deems a document included with a motion to dismiss to be a "matter[] outside the pleading" and the court does not "exclude[]" it when ruling on a motion to dismiss, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson*, 477 U.S. 242. The party moving for summary judgment need not prove the absence of an essential element of the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find an entitlement to relief. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *Potter v. District of Columbia*, 558 F.3d 542, 549 (D.C. Cir. 2009) ("[M]erely colorable or not significantly probative evidence . . . is insufficient to defeat a summary judgment motion." (cleaned up)).

## ARGUMENT

Plaintiff's claim stemming from its FOIA request to USCIS should be dismissed for failure to exhaust administrative remedies. To bring a FOIA lawsuit, a requester must demonstrate that it complied with the agency's filing procedures and the agency's internal appeals process. *See Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003); *accord Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020) ("As a general matter, a FOIA requester must exhaust administrative appeal remedies before seeking judicial redress." (quoting *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013))). "[E]ven though they are not jurisdictional, FOIA's exhaustion requirements are not mere formalities to be routinely ignored, some unseemly morass of bureaucratic red tape. Instead, exhaustion is regarded as a core component of orderly procedure and good administration—a doctrinal safeguard that preserves agency authority and judicial efficiency." *Haleem v. Dep't of Def., Civ.* A. No. 23-1471 (JEB), 2024 WL 230289, at *5 (D.D.C. Jan. 22, 2024) (cleaned up).

"The statutory scheme in the FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request . . . . Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." *Oglesby v. Dep't of Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990); *see also* 5 U.S.C. § 552(a)(6)(A)(i), (ii). Where a plaintiff fails to show that he or she exhausted administrative

remedies, the claim should be dismissed. *See Bigwood*, 699 F. Supp. 2d at 117 ("The plaintiff, however, has provided no argument or evidence indicating that he exhausted his administrative appeal options."); *Bestor v. CIA*, Civ. A. No. 04-2049, 2005 U.S. Dist. LEXIS 18908, at *1 (D.D.C. Sept. 1, 2005) ("Because the plaintiff has failed to allege or provide proof of exhaustion and because the purposes of exhaustion do not support judicial review at this stage, the defendant's motion to dismiss will be granted.").

Here, Plaintiff's claim stemming from its FOIA request to USCIS should be dismissed because Plaintiff received a final response from USCIS but did not file an administrative appeal. Baxley Decl. ¶ 7. Plaintiff needed to file an administrative appeal to provide USCIS the opportunity to "consider the very issue . . . raised in court." *Hidalgo*, 344 F.3d at 1259; *see also* 6 C.F.R. § 5.8 (e) ("Appeal necessary before seeking court review"). "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review," *Hidalgo*, 344 F.3d at 1259, and, because Plaintiff did first pursue this process, the Court should not grant it a judicial audience. *See Heritage Found. v. Dep't of Just.*, Civ. A. No. 23-0330 (CJN), 2024 U.S. Dist. LEXIS 52569, at *5 (D.D.C. Mar. 5, 2024) ("one purpose of exhaustion is to deter requesters from suing prematurely in order to give the agency and requester a chance to resolve or narrow their disputes without burdening federal courts"; dismissing FOIA suit filed that was filed one day early).

As the Supreme Court explained, "[e]very premature filing of an action under the [statute] imposes some burden on the judicial system," thus "[t]he interest in orderly administration of this body of litigation is best served by adherence to [the statute's] straightforward statutory command." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Accordingly, Plaintiff's claim against USCIS should be dismissed for failure to exhaust or, alternatively, USCIS should be granted summary judgment on those claims.

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff's claims against USCIS.

Dated: October 9, 2024                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:  _____*/s/ John J. Bardo*_____
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*