UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JG LAW, PLLC,

    Plaintiff,

  v.                                           Civil Action No. 22-2320 (TJK)

DEPARTENT OF STATE et al.,

    Defendants.

**MOTION SUMMARY JUDGMENT AND**
<u>**MEMORANDUM IN SUPPORT THEREOF**</u>

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Relevant Background ..........................................................................................................1

Legal Standard ....................................................................................................................2

Argument .............................................................................................................................3

    I.       Defendants Appropriately Withheld Information Under Exemption 3. .................3

    II.      USCIS Appropriately Withheld Information Under Exemption 7(E). ...................6

    III.     Defendants Produced All Reasonably Segregable Portions of Responsive
           Records. ....................................................................................................................9

Conclusion .........................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agrama v. IRS*,
  282 F. Supp. 3d 264 (D.D.C. 2017) ........................................................................................9

*Airaj v. Dep't of State*, Civ. A.,
  No. 15-0983 (EGS), 2016 U.S. Dist. LEXIS 55750 (D.D.C. Apr. 27, 2016) ...........................4

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................................2

*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011) ...................................................................................................7

*Brayton v. Off. of U.S. Trade, Rep.*, 641 F.3d 521 (D.C. Cir. 2011) .................................................................................2

*Buzzfeed, Inc. v. Dep't of Homeland Sec.*,
  610 F. Supp. 3d 139 (D.D.C. 2022) .........................................................................................8

*Campbell v. Dep't of Just.*,
  164 F.3d 20 (D.C. Cir. 1998)....................................................................................................6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................................2

*Comm. for Freedom of the Press v. FBI*,
  754 F. Supp. 3d 56 (D.D.C. 2024) ...........................................................................................8

*Corley v. Dep't of Just.*,
  998 F.3d 981 (D.C. Cir. 2021)..................................................................................................3

*Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.*,
  71 F.4th 1051 (D.C. Cir. 2023).................................................................................................9

Jefferson v. Dep't of Just.,
  284 F.3d 172 (D.C. Cir. 2002)..................................................................................................6

*Jud. Watch, Inc. v. Dep't of Com.*,
  337 F. Supp. 2d 146 (D.D.C. 2004) .........................................................................................7

*Larson v. Dep't of State*,
  565 F.3d 857 (D.C. Cir. 2009)..................................................................................................3

*Leopold v. Dep't of Just.*,
  94 F.4th 33 (D.C. Cir. 2024).....................................................................................................9

*Levinthal v. FEC*,
  219 F. Supp. 3d 1 (D.D.C. 2016) .............................................................................................6

*Mayer Brown LLP v. IRS*,
  562 F.3d 1190 (D.C. Cir. 2009)................................................................................................7

*McGehee v. CIA*,
  697 F.2d 1095 (D.C. Cir. 1983) ...............................................................................................2

*McRae v. Drp't of Just*,
  869 F. Supp. 2d 151 (D.D.C. 2012) .........................................................................................8

*Media Rsch. Ctr. v. Dep't of Just.*,
  818 F. Supp. 2d 131 (D.D.C. 2011) .....................................................................................2, 3

*Medina-Hincapie v. Dep't of State*,
   700 F.2d 737 (D.C. Cir. 1983) ..................................................................................... 4
*Mil. Audit Proj. v. Casey*,
   656 F.2d 724 (D.C. Cir. 1981) ..................................................................................... 3
*Miller v. Dep't of Just*,
   872 F. Supp. 2d 12 (D.D.C. 2012) ............................................................................... 8
*Ortiz v. Dep't of Just*,
   67 F. Supp. 3d 109 (D.D.C. 2014) ............................................................................... 8
*Perry-Torres v. Dep't of State*,
   404 F. Supp. 2d 140 (D.D.C. 2005) ............................................................................. 6
*Pub. Emps. for Env't Resp. v. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*,
   740 F.3d 195 (D.C. Cir. 2014) ..................................................................................... 6
*Rudometkin v. United States*,
   No. 23-5180, 2025 U.S. App. LEXIS 14178 (D.C. Cir. Jun. 10, 2025) ....................... 9
*SafeCard Servs., Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ............................................................................ 3, 10
*Sea Shepherd Conservation Soc'y v. IRS,*
   208 F. Supp. 3d 58 (D.D.C. 2016) ............................................................................... 6
*Summers v. Dep't of Just.*,
   140 F.3d 1077 (D.C. Cir. 1998) ................................................................................... 9
*Surveillance Accountability, Inc. v. Dep't of Just,* Civ. A.,
   No. 21-2362 (RC), 2024 U.S. Dist. LEXIS 100561 (D.D.C. Jun. 6, 2024) ................. 8
*Tax Analyst v. IRS*,
   294 F.3d 71 (D.C. Cir. 2002) ....................................................................................... 6
*Vizcarra Calderon v. Dep't of Homeland Sec.*,
   Civ. A. No. 18-0764 (CRC), 2020 WL 805212 n.4 (D.D.C. Feb. 18, 2020) .............. 5

**Statutes**

5 U.S.C. § 552 ....................................................................................................................... 7
5 U.S.C. § 552(b) .................................................................................................................. 9
5 U.S.C. § 552(b)(3) .............................................................................................................. 3
5 U.S.C. § 552(b)(7) .............................................................................................................. 6
8 U.S.C. § 1103 ..................................................................................................................... 6
8 U.S.C. § 1202(f) ................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 56(a) .............................................................................................................. 2

**Regulations**

8 C.F.R. § 100.1 .................................................................................................................... 7

Defendants the Department of State and U.S. Citizenship and Immigration Services ("USCIS") respectfully submit this memorandum of points and authorities in support of their motion for summary judgment.

## INTRODUCTION

Plaintiff JG Law submitted a Freedom of Information Act ("FOIA") request to USCIS for all records regarding its client, Emil Mahfuz Hawitt Medrano. The parties narrowed their dispute to withholdings on pages produced by USCIS, most of which were applied at the State Department's request. As explained below Defendants are entitled to summary judgment because they lawfully withheld visa records under Exemption 3, and law enforcement database codes under Exemption 7(E). Moreover, Defendants produced all non-exempt, reasonably segregable information that could be released without causing foreseeable harm to interests that the FOIA exemptions protect.

## RELEVANT BACKGROUND

This case stems from a December 9, 2021 FOIA request that Plaintiff JG Law sent to U.S. Citizenship and Immigration Services ("USCIS") for all records related to Plaintiff's client, Emil Mahfuz Hawitt Medrano. Declaration of Jarrod Panter ("Panter Decl.") ¶ 8. USCIS determined that any responsive records would be in Medrano's A-File, searched that file, and located thirty-one pages of responsive records. *Id*. ¶¶ 11-12. Of those thirty-one pages, USCIS released eight pages in full, withheld twenty-two pages in full, and released one page in part. *Id*. ¶ 12. USCIS made this production on February 19, 2022. *Id.* The twenty-two pages withheld in full are Visa records that had originated from the Department of State. *Id.* ¶ 16. USCIS withheld these records under Exemption 3 pursuant to a memorandum of understanding between USCIS and the State Department. *Id.* USCIS withheld one page in part under Exemption 7(E) because that page contains law enforcement database codes. *Id.* ¶ 20.

Plaintiff is not challenging the scope of Defendants' search.  Jt. Status Rpt. ¶ 2 (ECF No. 50).  Plaintiff's challenge is limited to the withholdings in USCIS's February 2022 production. *Id.*

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  A genuine issue is one that "might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248.  Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment[.]" *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.").  A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983).  "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Labor*, 478 F.

Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Proj. v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

**ARGUMENT**

**I.    Defendants Appropriately Withheld Information Under Exemption 3.**

The February 2022 production contained State Department records that are being withheld under Exemption 3. Panter Decl. ¶ 16; *Vaughn* Index.

FOIA Exemption 3 permits an agency to withhold information that is:

specifically exempted from disclosure by statute . . . if that statute—

(A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and

(B) if enacted after the date of enactment of the OPEN FOIA Act of 2009 [enacted Oct. 28, 2009], specifically cites to this paragraph.

5 U.S.C. § 552(b)(3). "To withhold records under Exemption 3, an agency must make two showings: that the statute is one of exemption as contemplated by Exemption 3, and that the withheld material falls within the statute." *Corley v. Dep't of Just.*, 998 F.3d 981, 984-85 (D.C. Cir. 2021). Here, the State Department invoked Section 222(f) of the Immigration Nationality Act ("INA"), which in relevant part provides:

The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States shall be considered confidential and shall be used only for the

formulation, amendment, administration, or enforcement of the immigration, nationality, and other laws of the United States[.]

8 U.S.C. §1202(f).

The D.C. Circuit "has squarely held that INA § 222(f) is a statutory provision covered by Exemption 3 and accordingly, records subject to the provision are exempt from disclosure under FOIA." *Airaj v. Dep't of State*, Civ. A. No. 15-0983 (EGS), 2016 U.S. Dist. LEXIS 55750, at *23 (D.D.C. Apr. 27, 2016), *aff'd*, No. 16-5193, 2017 U.S. App. LEXIS 28051 (D.C. Cir. Mar. 17, 2017) (citing *Medina-Hincapie v. Dep't of State*, 700 F.2d 737, 744 (D.C. Cir. 1983)). The statute qualifies as an Exemption 3 withholding statute because "[u]nder section 222(f) the Secretary of State has no authority to disclose material to the public." *Medina-Hincapie*, 700 F.2d at 742. That absolute prohibition is not undermined by the discretion the statute leaves to the Secretary to disclose information "to a court which certifies that the information is needed in the interest of justice in a pending case." *Id.* In other words, "[t]he statute [] permits the Secretary to do only that which any agency subject to a confidentiality requirement would be required to do if it received a court order or subpoena to produce specified documents." *Id.* Moreover, the statute qualifies as a withholding statute because it "requires the Secretary to withhold records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance or refusal of visas or permits to enter the United States." *Id.* at 742 (cleaned up).

The records that Plaintiff seeks originated in the State Department's Bureau of Consular Affairs' Consular Consolidated Database. *Vaughn* Index. This database contains a record of every visa application made since 1997 with the accompanying adjudication decision concerning an applicant's eligibility for a visa, including decisions to issue, refuse, or revoke a visa. *Id.* The records withheld under Exemption 3 contain information concerning Medrano's visa application, including consular comments, application data, and other pertinent data. *Id.* Thus, the records

pertain directly to the "issuance or refusal of a visa" to enter the United States, which squarely falls within the scope of Section 222(f). 8 U.S.C. § 1202(f). Importantly, what falls within the scope of Section 222(f) is interpreted broadly. *See Airaj*, 2016 U.S. Dist. LEXIS 55750, at *23. The statute encompasses "information revealing the thought-processes of those who rule on the application" and "maintain[s] the confidentiality of the decision-making process." *Medina-Hincapie*, 700 F.2d at 744. In other words, Section 222(f) protects "the inner workings of the State Department," and exempts from release any information related to the State Department's reasons or evidence related to the review, processing, or adjudication of a visa application. *Id*. "The statute's plain language is not limited to actual visa applications; it applies to any information that 'pertain[s] to the issuance or refusals of visas.'" *Vizcarra Calderon v. Dep't of Homeland Sec.*, Civ. A. No. 18-0764 (CRC), 2020 WL 805212, at *2 n.4 (D.D.C. Feb. 18, 2020). Therefore, "information compiled for the purpose of informing visa decisions appears to easily fall within that scope[.]" *Id.*

The withheld documents are "printouts from the Consular Consolidated Database" containing "details concerning the adjudication of a visa application" for Medrano. *Vaughn* Index. As such, the documents "pertain to the issuance or refusal of a visa[,]" and the State Department does not need to show more to justify withholding the information pursuant to Section 222(f). *Beltranena*, 821 F. Supp. 2d at 178 (concluding that the State Department "successfully demonstrated the applicability of [Section 222(f)] where a declaration stated that a document "consist[s] in its entirety of a record pertaining to the issuance or refusal of a visa to enter the United States"). Because Plaintiff, as Medrano's legal representative, is not entitled to receive from the State Department any information related to the adjudication of Medrano's visa application beyond that which Medrano already may have, the State Department is justified in

withholding the names of law enforcement components pursuant to FOIA Exemption 3 and Section 222(f). *Medina-Hincapie*, 700 F.2d at 744; *see also Perry-Torres v. Dep't of State*, 404 F. Supp. 2d 140, 143-44 (D.D.C. 2005) (concluding that the Department "properly withheld information regarding the denial of plaintiff's visa application pursuant to Exemption (b)(3) of FOIA and Section 222(f) of the INA").

## II. USCIS Appropriately Withheld Information Under Exemption 7(E).

USCIS redacted law enforcement database codes on one of the responsive records under Exemption 7(E). Panter Decl. ¶ 20. To establish the applicability of any subparts of FOIA Exemption 7, the government must first show that the records at issue were "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). The D.C. Circuit "has long emphasized that the focus is on how and under what circumstances the requested files were compiled, . . . and 'whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding.'" *Sea Shepherd Conservation Soc'y v. IRS,* 208 F. Supp. 3d 58, 79 (D.D.C. 2016) (quoting Jefferson v. Dep't of Just., 284 F.3d 172, 177 (D.C. Cir. 2002). A record is "compiled for law enforcement purposes" within the meaning of Exemption 7 "so long as there is (1) a rational 'nexus' between the record and the agency's law enforcement duties, and (2) a connection between the subject of the record and a possible security risk or violation of federal law." *Levinthal v. FEC*, 219 F. Supp. 3d 1, 6 (D.D.C. 2016) (*citing Campbell v. Dep't of Just*., 164 F.3d 20, 32 (D.C. Cir. 1998)). Further where, as here, "the agency's principal function is law enforcement, courts are 'more deferential' to the agency's claimed purpose for the particular records." *Pub. Emps. for Env't Resp. v. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 203 (D.C. Cir. 2014) (*quoting Tax Analyst v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002)).

The record at issue here meets this threshold. The Department of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and

naturalization of aliens, subject to certain exceptions. 8 U.S.C. § 1103. The Secretary of Homeland Security delegated to USCIS the authority to enforce the Immigration Nationality Act through USCIS's adjudications of applications and petitions submitted to USCIS by individuals seeking immigration benefits from the United States government. 8 C.F.R. § 100.1; Panter Decl. ¶ 18. Accordingly, these records were created for law enforcement purposes. Panter Decl. ¶ 18.

Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552€(7)(E). "Exemption 7(E) sets a relatively low bar for the agency to justify withholding." *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011). In fact, the exemption "only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1194 (D.C. Cir. 2009). Generally, techniques and procedures "not well known to the public" have been found to be exempt from disclosure under Exemption 7(E). *See, e.g., Jud. Watch, Inc. v. Dep't of Com.*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004). Even records containing commonly known procedures have been protected from disclosure "if the disclosure could reduce or nullify their effectiveness." *CREW v. Dep't of Just.*, 870 F. Supp. 2d 70, 85 (D.D.C. 2012).

Here, USCIS applied Exemption 7(E) to withhold law enforcement database codes. Panter Decl. ¶ 20. Specifically, USCIS determined that releasing these codes would facilitate circumvention of the law because it would nullify the codes making them unusable as a law enforcement tool. *Id.* Preventing USCIS from using one of its law enforcement tools will enable

bad actors to circumvent USCIS enforcement. *Id.* Indeed, courts have consistently permitted law enforcement agencies to withhold database codes under Exemption 7(E). *See Ortiz v. Dep't of Just*, 67 F. Supp. 3d 109, 123-24 (D.D.C. 2014); *Miller v. Dep't of Just*, 872 F. Supp. 2d 12, 29 (D.D.C. 2012) (permitting agency to withhold law enforcement numerical database codes used to identify information and individuals, as well as codes "relate[d] to procedures concerning the use of law enforcement resources and databases . . ., as well as case program and access codes"); *McRae v. Drp't of Just*, 869 F. Supp. 2d 151, 169 (D.D.C. 2012) ("codes, case numbers, and other computer information pertaining to the TECS, NCIC, and databases maintained by the North Carolina authorities are techniques and procedures for law enforcement investigation").

Further, USCIS has demonstrated foreseeable harm if these codes were disclosed. Courts "look[] to much of the same indicia in" assessing reasonably foreseeable harm as they do "when assessing the risk of circumvention [of the law]." *Project for Priv. & Surveillance Accountability, Inc. v. Dep't of Just,* Civ. A. No. 21-2362 (RC), 2024 U.S. Dist. LEXIS 100561, at *26-27 (D.D.C. Jun. 6, 2024); *Reps. Comm. for Freedom of the Press v. FBI*, 754 F. Supp. 3d 56, 72 (D.D.C. 2024) (finding that the agency established foreseeable harm for the same reason that it established likelihood of circumvention of the law); *see also, 100 Reps. v. Dep't of State*, 602 F. Supp. 3d 41, 83 (D.D.C. 2022) (explaining that foreseeable-harm requirement is similar and does not heighten Exemption 7(E)'s circumvention-of-law requirement); *Buzzfeed, Inc. v. Dep't of Homeland Sec.*, 610 F. Supp. 3d 139, 148 n.1 (D.D.C. 2022) ("[N]o further foreseeable harm analysis is needed because Exemption 7(E) by its own terms already requires that an agency show a risk of foreseeable harm."). Foreseeable harm would occur from releasing the codes for a similar reason that releasing the codes would facilitate circumvention of the law, specifically, releasing the codes would make them unusable. Panter Decl. ¶ 21.

Accordingly, USCIS properly invoked Exemption 7(E) to protect law enforcement database codes from public release.

### III. Defendants Produced All Reasonably Segregable Portions of Responsive Records.

Although an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'" *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); *see also* 5 U.S.C. § 552(b) (requiring that "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt"). Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data*, 566 F.2d at 260. Before approving the application of a FOIA exemption, district courts must make specific findings of segregability as to the material to be withheld. *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Flyers Rts. Educ. Fund, Inc. v. Fed. Aviation Admin.*, 71 F.4th 1051, 1057-58 (D.C. Cir. 2023).

To carry its burden that it released all reasonably segregable information, an agency must demonstrate that no "exempt portions of a record could be disclosed without causing foreseeable harm to the interests protected by" the relevant FOIA exemption. *Rudometkin v. United States*, No. 23-5180, 2025 U.S. App. LEXIS 14178, at *23-24 (D.C. Cir. Jun. 10, 2025); *Leopold v. Dep't of Just.*, 94 F.4th 33, 38 (D.C. Cir. 2024). "Whether a requested record falls within an exemption and whether the disclosure of that record would foreseeably harm an interest protected by the exemption are distinct, consecutive inquiries." *Leopold*, 94 F.4th at 37. This inquiry also requires that the agency consider whether there is foreseeable harm from disclosure of otherwise exempt information, including whether partial disclosure of information is possible. *Id.* at 38. Defendants made this required showing. Both USCIS and the State Department conducted line-by-line

reviews of the responsive records and made every effort to segregate non-exempt material but determined that no additional information could be released without causing foreseeable harm to the interests that one or more exemptions protects. Panter Decl. ¶ 21; *Vaughn* Index.

Accordingly, this Court should enter summary judgment in Defendants' favor because the Defendants performed reasonable searches (which Plaintiff does not dispute), provided responsive records (Plaintiff similarly does not dispute), properly applied FOIA exemptions to justify withholdings, and explained that no additional non-exempt information can be segregated from the exempt information. *See SafeCard Servs.*, 926 F.2d at 1201 (observing that courts give agency declarations "a presumption of good faith" in FOIA cases).

## CONCLUSION

For these reasons, the Court should grant summary judgment in Defendants' favor.

Dated: August 7, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ John J. Bardo* _____
JOHN J. BARDO, D.C. BAR #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*